UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Mark Hagerman, | Case No. 2:23-cv-00491-APG-DJA |
|---|---|
| Plaintiff, | |
| v. | **Order** |
| Cornutt, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion for a settlement conference (ECF No. 40) and motion to reopen discovery (ECF No. 41). Defendants oppose Plaintiff's motion for a settlement conference only "if Hagerman is unwilling to temper his fairly high expectations." (ECF No. 50). Plaintiff's reply indicates that he is willing to do so. (ECF No. 51). The Court thus grants Plaintiff's motion for a settlement conference. The Court will issue a separate order scheduling this settlement conference.

Plaintiff moves to reopen the discovery deadline, which closed on May 1, 2024, and extend discovery until August 28, 2024. (ECF No. 41). Plaintiff explains that he has been living in administrative segregation, hindering his access to the law library. (*Id.*). Plaintiff adds that his cell has been searched, after which search certain of his legal property was missing. (*Id.*). Defendants oppose Plaintiff's motion, arguing that Plaintiff's reasons are vague and that reopening discovery will prejudice them because they have already filed their motion for summary judgment. (ECF No. 50). They assert that Plaintiff has not been diligent in seeking discovery and argue that reopening discovery at this juncture could require them to supplement their summary judgment motion. (*Id.*). Plaintiff reiterates his arguments in reply and adds that he was unable to conduct discovery because he was healing from stab wounds and a hand injury that made it difficult for him to write. (*Id.*).

Here, the Court finds that Plaintiff has demonstrated diligence and excusable neglect to reopen discovery.  *See* Fed. R. Civ. P. 16(b)(4); *see* LR 26-3.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations omitted).  Plaintiff has explained that he could not meet the discovery deadline because of his injuries, his lost or misplaced property, and his incarceration in administrative segregation.  While Defendant correctly points out that some of Plaintiff's explanations are vague and while Plaintiff does not specifically identify the discovery he wishes to seek, the Court must liberally construe Plaintiff's motion. *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016).  Liberally construing his motion, the Court finds that Plaintiff has demonstrated excusable neglect for missing the deadline given his injuries and recovery.  The Court also finds that Plaintiff has demonstrated diligence through his previous attempt to extend the deadline, which although unsuccessful, Plaintiff filed before the close of discovery.  (ECF No. 35).  The Court thus grants Plaintiff's motion to extend discovery deadlines.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to request a settlement conference (ECF No. 40) is **granted.**  The Court will issue a separate order scheduling this settlement conference.

///

///

///

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend time (ECF No. 41) is **granted.** The following deadlines shall govern discovery:

    Discovery cutoff:                August 29, 2024

    Discovery motions:           September 12, 2024

    Dispositive motions:          September 30, 2024

    Pretrial order:                  October 30, 2024

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: July 19, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE