UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK HAGERMAN,<br><br>　　　Plaintiff<br><br>v.<br><br>CORNUTT, et al.,<br><br>　　　Defendants | Case No.: 2:23-cv-00491-APG-DJA<br><br>**Order Denying Motion to Enforce Settlement**<br><br>[ECF No. 59] |

　　　The parties settled this case in July 2024 and filed a stipulation to dismiss the case, which I granted. ECF Nos. 57, 58.  Plaintiff Mark Hagerman contends the defendants have not fulfilled the terms of the settlement, so he moves for an order either compelling the defendants to comply or reopening this case. ECF No. 59.  The defendants have produced documents showing that Hagerman acknowledged receipt of all items satisfying the terms of the settlement. ECF Nos. 61-2, 61-3.  Hagerman has not disputed that.  Thus, his motion is moot.

　　　In addition, this court lacks jurisdiction over Hagerman's request.

> [F]ederal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit.  When the initial action is dismissed, federal jurisdiction terminates. . . . A motion to enforce the settlement agreement, then, is a separate contract dispute requiring its own independent basis for jurisdiction.

*O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (citations omitted).  In my order dismissing the case, I did not retain jurisdiction to enforce the settlement agreement.  And there is no federal question or diversity jurisdiction over Hagerman's claim that the defendants breached the settlement agreement.  Therefore I lack jurisdiction to grant Hagerman the relief he seeks.

/ / / /

I THEREFORE ORDER that the motion to enforce settlement **(ECF No. 59) is denied.**

DATED this 21st day of November, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE